**THIRD DIVISION**
**DILLARD, P. J.,**
**GOBEIL and PIPKIN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.gov/rules

June 16, 2026

# In the Court of Appeals of Georgia

A26A0625. LLOYD v. CITY OF ATLANTA.

GOBEIL, Judge.

Maugan Lloyd appeals from the trial court's dismissal of his action against the City of Atlanta ("the City"), brought after he was injured while riding his bike on a city street. On appeal, he asserts that the trial court erred in its conclusion that his ante litem notice to the City was defective for failing to set forth a specific amount of damages sought sufficient to constitute an offer of settlement. For the reasons set forth below, we affirm the trial court's judgment.

"We review the denial of a motion to dismiss de novo and, in so doing, construe the pleadings in a light most favorable to the plaintiff, with any doubts resolved in the

plaintiff's favor." *City of College Park v. Steele*, 371 Ga. App. 649, 649 (902 SE2d 223) (2024).

So viewed, the record here shows that on May 22, 2022, Lloyd was riding his bike on a street located within the City, when his bike's tire became lodged between the grates of a storm drain. Lloyd was thrown from his bike and suffered injuries. In anticipation of litigation, Lloyd sent an ante litem notice (received by the City on June 27, 2022) to multiple entities associated with the City and Fulton County (the "Notice"). Relevant here, the Notice stated that the entities against whom claims were presented were "Fulton County Government and City of Atlanta." And for amount of loss claimed, the Notice included the following information:

> To the extent OCGA § 36-33-5 and/or OCGA § 36-11-1 requires a demand for a specific amount of monetary damages as to these claims, Maugan Lloyd hereby demand[s] a global settlement amount of two million dollars and zero cents ($2,000,000.00) in full settlement of all potential claims arising from this occurrence....

The parties did not resolve the dispute, and Lloyd filed the instant complaint against the City on March 27, 2024, asserting that the City was negligent in the construction or maintenance of the public roads. The City moved to dismiss the

complaint, arguing that the Notice was defective for failing to set forth a specific monetary demand. Specifically, the City asserted that by addressing the Notice jointly to the City and Fulton County without specifying what amount he was seeking from each entity, the Notice was fatally defective. The trial court initially denied the motion, but upon the City's motion for reconsideration, the trial court issued an order reconsidering its judgment and granting the City's motion to dismiss. Specifically, the trial court found that the language in the Notice stating a "global settlement demand" among both the City and Fulton County did not substantially comply with OCGA § 36-33-5(e). This appeal followed.

On appeal, Lloyd argues that his Notice was sufficient, as it notified the City of his claim and demanded a specific amount of damages. He asserts that the trial court's ruling, focusing on the "global settlement" language, constitutes a "hyper-technical and artificially narrow reading of the ante litem statute" because the Notice otherwise informed the City of the damages being sought. Indeed, he contends that his Notice constituted a proper offer of compromise because the City could have accepted his offer agreeing to pay $2,000,000 in settlement of his potential claims.

Georgia law requires any person who intends to sue a city to "present the claim in writing to the governing authority of the municipal corporation for adjustment, stating the time, place, and extent of the injury, as nearly as practicable, and the negligence which caused the injury" within six months of the inciting incident. OCGA § 36-33-5(b). The statute requires further: "The description of the extent of the injury required in subsection (b) of this Code section shall include the specific amount of monetary damages being sought from the municipal corporation." OCGA § 36-33-5(e).

> The purpose of the ante litem notice requirement is to give the municipality the opportunity to investigate potential claims, ascertain the evidence, and avoid unnecessary litigation. In other words, requiring a claimant to provide the municipality with specific information about his or her claim and alleged injuries, as well as a demand for the specific amount of monetary damages the claimant is seeking as compensation for such injuries, allows the municipality to make an informed decision about whether to accept the "offer of compromise," make a counteroffer, or otherwise resolve the claim in order to avoid litigation.

*Hall v. City of Blakely*, 361 Ga. App. 135, 137 (863 SE2d 393) (2021). The giving of ante litem notice in the manner and within the time required by OCGA § 36-33-5 is a condition precedent to the maintenance of a suit on the claim. Id. at 136.

Here, the statute clearly requires the claimant to include a "specific amount of monetary damages being sought *from the municipal corporation*." OCGA § 36-33-5(e) (emphasis supplied). Lloyd's Notice, by including a specific amount of monetary damages being sought from the municipal corporation and another entity, failed to comply with the statute.[1] We are persuaded to this conclusion by our previous decision in *City of Norcross v. Johnson*, 363 Ga. App. 78, 79-81(1) (870 SE2d 564) (2022). In *Johnson*, the claimant, who was injured in a car accident involving a City of Norcross police officer, issued ante litem notices to the city, stating that he was seeking "One Million Five Hundred Thousand Dollars in damages against the City of Norcross, and any and all other employees, agencies or entities who may have been involved in causing [the claimant's] injuries." Id. at 78–79. We agreed with the trial court that this notice was insufficient because the claimant's "ante litem notices did nothing to identify the specific amount he sought against the [c]ity alone; instead, [the

---

[1] "Whether OCGA § 36-33-5(e), enacted in 2014, requires substantial or strict compliance is not clear; neither we nor our Supreme Court has expressly decided the issue." *City of Conyers v. Sampson*, 362 Ga. App. 301, 303 (868 SE2d 283) (2022). However, we need not decide this issue here because under either standard the Notice was insufficient, as "it is settled that a notice does not substantially comply with OCGA § 36-33-5 (e) unless it sets out a specific amount that constitutes an offer that could be accepted by the municipality." *City of Norcross v. Johnson*, 363 Ga. App. 78, 80(1) n. 2 (870 SE2d 564) (2022).

claimant] stated a global amount which he hoped to recover from a variety of potential sources — including, but not limited to, the [c]ity." Id. at 80(1). Similarly, in this case, Lloyd's Notice stated a specific monetary amount of damages he was seeking. By addressing two entities simultaneously without specifying the amount being demanded of either of them individually, he failed to "identify the specific amount he sought against the City alone," rendering it insufficient to "to constitute an offer of compromise that could be accepted by *the City*." Id. at 80–81(1).

Lloyd asserts that *Johnson* is wrongly decided and in any event distinguishable from the instant case. He argues that, rather than addressing his demand to the City "and" other unspecified entities as the claimant did in *Johnson*, his demand used the term "and/or" allowing the City to accept his offer by agreeing to pay the full amount demanded. First, we have found that the use of "and/or" in an ante litem notice rendered an offer insufficient to comply with the statute. See *Richburg v. City of Atlanta*, 375 Ga. App. 360, 360 & 363 (916 SE2d 159) (2025) (ante litem notice stating that the claimant had "suffered damages in the amount of $20,000.00 property and/or $100,000.00 bodily injury for which I contend the City is liable" failed to include specific amount of damages sought; use of and/or rendered the offer

6

ambiguous). But, even if Lloyd is correct that the term "and/or" does not render his offer ambiguous, it is not used in the Notice in the manner he describes on appeal. The Notice does not say that he is seeking his damages against the City and/or Fulton County. Rather, the Notice (1) is addressed to "Fulton County Government *and* City of Atlanta"; (2) states that Lloyd is seeking "*a global settlement amount* of two million dollars"; and (3) contends that "[t]he city of Atlanta *and* the county of Fulton has an obligation" to keep the roadways in repair. He uses the term "and/or" only to refer to the statutes that require notice to city and county entities before filing a lawsuit against them e.g., "To the extent that OCGA § 36-33-5 and/or OCGA § 36-11-1 requires a demand for a specific amount of monetary damages as to these claims...." Nothing in that language indicates that the settlement is being offered to the two entities separately, indeed, they are joined together throughout. Thus, the City is left "to speculate what amount between $0 and [$2,000,000] constituted [Lloyd's] offer of compromise to the City." *City of Conyers v. Sampson*, 362 Ga. App. 301, 303 (868 SE2d 283) (2022).

Accordingly, because Lloyd's ante litem notice did not comply with OCGA § 36-33-5(e), we affirm the trial court's grant of the City's motion to dismiss Lloyd's complaint.

*Judgment affirmed. Dillard, P. J., and Pipkin, J., concur.*